Manuel MALDONADO,
Petitioner-Appellant,

v.

Harvey WINANS, Respondent-Appellee.

No. 83–1344.

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1984.

Narciso Garcia, Jr., of Toulouse, Toulouse & Garcia, P.A., Albuquerque, N.M., for petitioner-appellant.

Paul G. Bardacke, Atty. Gen., and Eddie Michael Gallegos, Asst. Atty. Gen., the State of New Mexico, Santa Fe, N.M., for respondent-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from a district court order dismissing a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is represented on appeal by appointed counsel.

Petitioner, Manuel Maldonado, is a prisoner in the New Mexico State Penitentiary serving a term of ten to fifty years. In 1977, petitioner pled guilty to a charge of escape from the penitentiary. That plea is the basis for his present incarceration. Petitioner argues that his guilty plea was uninformed and involuntary.

Petitioner alleges that prior to pleading guilty he informed counsel that he had reason to believe a prior conviction was invalid. Despite that fact, counsel advised petitioner to plead guilty to the charge of escape from the penitentiary in exchange for the prosecution's promise not to use the prior conviction to enhance petitioner's sentence. Petitioner claims that counsel made this recommendation without investigating the validity of the prior conviction. Furthermore, in 1979, with the assistance of different counsel, petitioner successfully challenged the validity of the prior conviction. Accordingly, petitioner claims that his plea was involuntary and uninformed because counsel misinformed petitioner regarding the consequences of a plea of not guilty.

The district court focused solely on the issue of the voluntariness of petitioner's guilty plea because petitioner's counsel, in a colloquy with the magistrate, "waived" any claims of ineffective assistance of counsel. However, effective assistance of counsel "within the range of competence required of attorneys representing defendants in criminal cases" is indispensable to a voluntary guilty plea. *Parker v. North Carolina,* 397 U.S. 790, 797–98, 90 S.Ct. 1458, 1462–63, 25 L.Ed.2d 785 (1970). We believe that the standard of legal representation required by the sixth amendment is indistinguishable from that required by the fifth amendment for purposes of guaranteeing a voluntary guilty plea in this case. *See Hammond v. United States,* 528 F.2d 15 (4th Cir.1975).

The judgment of the district court is vacated and the matter is remanded for reconsideration under the fifth *and* sixth amendments' requirement of adequate defense counsel. We imply no view on the merits of the claim.

In addition, petitioner's counsel believes that the trial court erred in the computation of attorney's fees. On remand, the district court should examine the amount awarded to insure that it accurately reflects the court's Judgment.

VACATED AND REMANDED.